IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| LEROY CARHART, M.D., ) | | |
| WILLIAM G. FITZHUGH, M.D., ) | | |
| WILLIAM H. KNORR, M.D., ) | | |
| and JILL L. VIBHAKAR, M.D., ) | | |
| on behalf of themselves and the ) | | |
| patients they serve, ) | | 4:03CV3385 |
| ) | | |
| Plaintiffs, ) | | |
| ) | | |
| vs. ) | | **MEMORANDUM** |
| ) | | **AND ORDER** |
| JOHN ASHCROFT, in his official ) | | |
| capacity as Attorney General of the ) | | |
| United States, and his employees, ) | | |
| agents and successors in office, ) | | |
| ) | | |
| Defendant. ) | | |

Congress has passed the "Partial-Birth Abortion Ban Act of 2003." The President has signed it. After hearing the views of the parties, and considering the evidence offered by them, I now temporarily restrain enforcement of the Act.

The Supreme Court, citing the factual findings of eight different federal trial judges (appointed by four different Presidents) and the considered opinion of the American College of Obstetricians and Gynecologists, has found a very similar law unconstitutional because it banned "partial-birth abortions" without the requisite exception for the preservation of the health of the woman. Stenberg v. Carhart, 530 U.S. 914, 930-33 (2000). The law challenged here appears to suffer from a similar vice. While it is also true that Congress found that a health exception is not needed, it is, at the very least, problematic whether I should defer to such a conclusion when the Supreme Court has found otherwise. Id. at 930-38. Therefore, applying the

familiar Dataphase[1] factors, and especially given the fact that the health of women may be harmed if I do otherwise,

    IT IS ORDERED that:

    1.    The request for a temporary restraining order (a part of filing 3) is granted. That is, John Ashcroft, in his official capacity as Attorney General of the United States, and his employees, agents, and, successors in office, are temporarily restrained from enforcing the "Partial-Birth Abortion Ban Act of 2003," S.3., 108th Congress (not yet codified), against the plaintiffs and their officers, agents, servants, and employees, including those individuals and entities (both medical and non-medical) with whom plaintiffs work, teach, supervise, or refer. This temporary restraining order shall remain in effect until further order of the court.

    2.    Plaintiffs' counsel shall arrange and schedule a telephone conference call between counsel of record and the undersigned United States district judge to occur on Wednesday, November 12, 2003, to discuss scheduling of the preliminary injunction hearing, other progression-related issues, and whether the court should retain its own experts.

    DATED this 5th day of November, 2003.

                                  BY THE COURT:
                                  s/Richard G. Kopf
                                  Chief United States District Judge

---

[1] Dataphase Sys., Inc. v. C.L. Sys., Inc., 640 F.2d 109, 114 (8th Cir. 1981) (en banc) (court should consider four factors when deciding whether to grant injunctive relief: irreparable harm to the moving party; the balance of harms between the parties; the probability of success on the merits; and the public interest).