IN THE UNITED STATES DISTRICT COURT
FOR THE  DISTRICT OF NEBRASKA

LEROY CARHART, M.D.,                  )
WILLIAM G. FITZHUGH, M.D.,            )        4:03CV3385
WILLIAM H. KNORR, M.D., and           )
JILL L. VIBHAKAR, M.D.,               )
                                      )
         Plaintiffs,                  )
                                      )        **MEMORANDUM**
         v.                           )        **AND ORDER**
                                      )
JOHN ASHCROFT, in his official capacity )
as Attorney General of the United States, )
                                      )
         Defendant.                   )

I have carefully considered the plaintiffs' publicly filed motion (filing 47)  to protect the identity of one witness, an expert.  I will grant it in part, deny it in part without prejudice, and request the parties to present an agreed protective order to me for my review and approval.

I have reviewed both the public and sealed declarations of Priscilla J. Smith regarding the expert (filings 48 and 76).  The expert is a physician,  and he or she is the only non-party expert the plaintiffs wish to call to give testimony on use of the banned procedure.  The expert is uniquely qualified to give this testimony about the banned procedure as he or she performs it, and he or she is therefore critical to the presentation of the plaintiffs' case.

Without any question, the physician's life would truly be endangered should his or her identity be disclosed to the public during depositions, trial, or otherwise. In 17 years of dealing with questions like this in both criminal[1] and civil cases, I have

---

[1]In one particularly sensitive criminal case, my court reporter and I took the testimony of a government informant in a motel room with the witness obscured from

never seen a more compelling showing for the need to protect the identity of a witness.

The court may take all reasonable steps necessary to protect the witness during discovery, at trial, and thereafter.  <u>See</u>, <u>e.g.</u>, Federal Rule of Evidence 611(a) ("The court shall exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence so as to . . . (3) protect witnesses from harassment or undue embarrassment") & Federal Rule of Civil Procedure 26(c) (permitting the court to make "any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden . . . ."). In extraordinary circumstances, "where the safety . . . of a witness . . . might be jeopardized by compelling testimony to be given under normal conditions, the courts have permitted testimony to be given in camera, outside the courtroom, or under other circumstances that afford protection." 28 Charles A. Wright & Victor J. Gold, *Federal Practice and Procedure* § 6164, at 350-51 (1993) (footnotes omitted).  This is one of those extraordinary cases.

I will grant the plaintiffs' motion in part, deny it in part without prejudice, and direct the parties to provide me with an agreed protective order for my review.  If they cannot agree, I will enter my own protective order.  To help the parties, I provide them with my views about the nature of the protective order:

> \*      In general, the form of the protective order provided to me by counsel for the plaintiffs is acceptable.

> \*      If both sides agree, I would also be willing to attend a trial deposition outside the court house in lieu of requiring the doctor to appear at trial.

_____

my view by a door.

-2-

\*      Counsel for the plaintiffs should make reasonable concessions to counsel for the defendant so that the testimony of the expert in this case may be disclosed to the lawyers and the judges in the other two pending and related federal cases while still protecting the identity and security of the witness.

IT IS ORDERED that:

1.      Plaintiffs' motion to protect the identity of one witness (filing 47) is granted as provided herein.  The witness shall be referred to as "Dr. J. Doe" and his or her identity shall not be disclosed to anyone other than counsel for the parties in this case (and their direct employees) except as subsequently permitted by order of this court.  The court will enter a protective order which will include: taking the witness's testimony in camera (unless, by agreement of the parties, a trial deposition attended by the judge would suffice), sealing the expert report, and otherwise prohibiting undue disclosure of the identity of the witness during discovery, at trial, or after trial.  Otherwise, the motion is denied without prejudice.

2.      The parties shall submit an agreed protective order, or advise the court that they cannot reach agreement on a protective order, by the close of business on Tuesday, February 17, 2004.  Any proposed protective order and all related submissions shall be filed under seal unless otherwise ordered.

3.      This memorandum and order will not be sealed.

February 5, 2004.                        BY THE COURT:
                                         s/Richard G. Kopf
                                         United States District Judge

-3-